UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| WAYNE POZZI AND KELLY POZZI | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | 6:16-cv-00061 |
| | § | Civil Action Number |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY, GSM INSURORS | § | Jury |
| SERVICES OF SOUTH TEXAS, INC. and | § | |
| JAMES FLY, | § | |
|     Defendants. | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT:

COME NOW, Wayne Pozzi and Kelly Pozzi, ("Plaintiffs") and file this First Amended Complaint, complaining of STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ("State Auto"), GSM INSURERS SERVICES OF SOUTH TEXAS, INC. ("GSM") and JAMES FLY ("Fly") and for causes of action would respectfully show this Court as follows:

**I.
PARTIES**

1.      Plaintiffs Wayne Pozzi and Kelly Pozzi are individuals residing at 1163 Westpark Ave. in Victoria, Texas.

2.      State Auto State Automobile Mutual Insurance is a foreign corporation organized under the laws of the State of Ohio and doing business in Texas. State Auto has previously appeared and answered here.

3.      State Auto GSM Insurors Services of South Texas, Inc. is a Texas corporation with its principle place of business in Rockport, Texas. It may be served with process herein by service upon its registered agent, John M. McDavid, Jr. at 1102 E. Laurel, Rockport, Texas 78382.

Attachment 1

4.  State Auto James Fly is an individual who resides in Victoria, Texas. Fly may be served with process in this action by serving him at his place of business at 118 N. Main, Suite A, Victoria, Texas 77901.

## II.
## BACKGROUND & CAUSE OF ACTION

5.  On April 11, 2015, Plaintiffs entered into a contract of insurance with State Auto. The policy was procured for Plaintiffs by Fly, acting on behalf of GSM. Fly filled out the application for Plaintiffs and supplied all relevant information. Plaintiffs were merely asked to drop by his office to sign the previously completed application form.

6.  Plaintiffs timely paid State Auto the premiums required to issue the policies.

7.  State Automobile Mutual Insurance Company issued a commercial property coverage policy to Plaintiffs, policy number PBP 2659501, (the "Policy") effective from April 11, 2015 to April 11, 2016.

8.  Among other things, the Policy requires State Auto to pay for damage to the Plaintiff's covered property. On February 16, 2016, the Plaintiff's covered property caught fire and was totally destroyed. The damage was fully covered under the Policy.

9.  State Auto had a contractual duty to pay Plaintiffs for several losses under the Policy. State Auto was promptly notified of the loss. State Auto has failed to make any payment to Plaintiffs and is in breach of its insurance contract with Plaintiffs.

10. As a result of State Auto's breach, Plaintiffs have incurred legal fees and expenses for which they sue.

11. The actual damages Plaintiffs are owed is: $1,081,600 for the building + 4% inflation guard for the Policy, less the $2,500 deductible. Additionally, Plaintiffs are entitled to be paid $10,000 for debris removal, $1,000 for fire department service charge, $10,000 for pollution clean-up and removal + $1,000 for outdoor property.

Attachment 1

12. Under the Policy conditions, State Auto was to provide notice of their intentions within: "(1) 15 business days after State Auto received the signed, sworn proof of loss and all information requested." Plaintiffs provided the required sworn proof of loss and, when requested, submitted to examinations under oath. The examinations under oath were completed on June 2, 2016. Plaintiffs have received no further requests for information since that time to which they have not responded. All information reasonably requested has been provided. Plaintiffs have requested that State Auto pay their claims or provide an explanation, based in the Policy or the law, as to why State Auto refuses to pay their claims. State Auto's lack of a response is a violation of the insurance code and a breach of the Policy provisions.

13. All conditions precedent to State Auto's liability on the Policy have been performed, and have occurred.

14. The State Auto has violated Tex. Ins. Code § 541.060 by, among other things: (1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability has become reasonably clear; (2) failing to promptly provide to a policyholder a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; (3) failing within a reasonable time to: affirm or deny coverage of a claim to a policyholder, or submit a reservation of rights to a policyholder;  and (4) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

15. Because State Auto violated Tex. Ins. Code § 541.060 knowingly, the Plaintiffs are entitled to additional damages in an amount not to exceed three times the amount of actual damages pursuant to Texas Insurance Code section 541.152.

16. Pursuant to TEX. CIV. PRAC. & REM.CODE§ 38.001 et. seq., the Plaintiffs are entitled to recover their reasonable attorneys' fees. Additionally, because State Auto's conduct

Attachment 1

violates the provisions of Tex. Ins. Code § 541.060, Plaintiffs are entitled to recover reasonable and necessary attorneys fees.

17. In the event that State Auto claims or asserts any defense to payment under the Policy based on any defect in the application process, or claims or asserts any defense based on the inclusion or omission of information in the application for the Policy, then Plaintiffs assert that GSM and Fly were negligent in preparing the application, which negligence proximately caused Plaintiffs to be unable to collect under the Policy.

18. Alternatively, in the event that State Auto claims or asserts any defense to payment under the Policy based on any defect in the application process, or claims or asserts any defense based on the inclusion or omission of information in the application for the Policy, then Plaintiffs assert that GSM and Fly breached their contract with Plaintiffs to properly and time procure the insurance needed for their commercial property and to correctly and fully complete the application. In that event, Plaintiffs further request attorneys' fees for such breach of contract.

## **PRAYER FOR RELIEF**

Plaintiffs pray that State Autos be cited to appear and answer, and that on final trial, Plaintiffs have the following:

a)  Actual damages for the amounts Plaintiffs are entitled to recover under the Policy of insurance;

b)  Treble damages as provided under Tex. Ins. Code § 541.060;

c)  Prejudgment and post-judgment interest as provided by law;

d)  Attorney's fees;

e)  Costs of the suit; and

f)  Such other and further relief to which Plaintiff may be justly entitled.

Attachment 1

Respectfully submitted,

By: */s/ Bill Russell*
SPROUSE SHRADER SMITH, PLLC
Bill W. Russell, Texas Bar No.17408600
bill.russell@sprouselaw.com
P.O. Box 4848
Victoria, Texas 77903
Tel: (361) 578-9943
Fax (361) 578-9661

and

SPROUSE SHRADER SMITH, PLLC
Marvin W. Jones, Texas Bar No. 10929100
marty.jones@sprouselaw.com
P.O. Box 15008
Amarillo, Texas 79105-5008
Tel:  (806) 468-3300
Fax: (806) 373-3454

ATTORNEY FOR PLAINTIFFS

Attachment 1